# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DWIGHT D. LITTLE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0701 AS |
| ) | |
| EDWARD BUSS, ) | |
| ) | |
| Respondent ) | |

## *MEMORANDUM OPINION AND ORDER*

On or about October 25, 2005, *pro se* petitioner, Dwight D. Little, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 6, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In spite of extensions of time to do so, the petitioner has made no further filings.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the ISP in this district. This court takes note of a published opinion of the Court of Appeals of Indiana in *Little v. State*, 694 N.E. 2d 762 (Ind. App. 1998). The court also takes note of another published opinion by the Court of Appeals of Indiana entered December 21, 2004 as *Little v. State*, 819 N.E. 2d 496 (Ind. App. 2005). It is further to be noted that transfer was denied by the Supreme Court of Indiana on March 3, 2005.

Certainly the decision of the Supreme Court of Indiana and the decision of the Court

of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. The matter has now been before the Court of Appeals of Indiana as well as the Supreme Court of Indiana. Reference must be made to *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002), both unanimously decided on the same day in November 2002 by the Supreme Court of the United States. *See also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). More recently, *see Rice v. Collins*, 125 S.Ct. 969 (2006) and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

The Attorney Genreal raises the issue of the applicability of the one-year statute of limitations under 28 U.S.C. §2254(d)(1). This was certainly after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 which after a judicially created delay became effective on April 24, 1997. *See also Artuz v. Bennett*, 531 U.S. 4 (2000). Certainly this petitioner is entitled to the benefits of *Houston v. Lack,* 487 U.S. 266 (1988) to the extent that it helps him.

It appears that the outline of the sequence of events here understanding that this petition was filed on or about October 31, 2005, is certainly untimely. Therefore, it is necessary and required that such be **DISMISSED** and that is now **ORDERED**. **IT IS SO ORDERED**.

        **DATED:** June 8, 2006

                               S/ ALLEN SHARP
                               **ALLEN SHARP, JUDGE**
                               **UNITED STATES DISTRICT COURT**